Affirmed and Memorandum Opinion filed December 6, 2005









Affirmed and Memorandum Opinion filed December 6,
2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00882-CR

_______________

 

LITA BLYTHE WHITSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 980,347

___________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Lita
Blythe Whitson appeals a conviction for theft[1]
on the grounds that: (1) the trial court erred by failing to grant her two
strikes for cause; (2) the trial court erred by admitting two of the State=s exhibits, which contained
inadmissible hearsay; and (3) the evidence was legally and factually
insufficient to support her conviction. 
We affirm.








Strikes
for Cause

Appellant=s first and second points of error
argue that the trial court erred by failing to strike two venire members for
cause, forcing appellant to exercise two of her peremptory strikes on these
venire members.  Harm from the erroneous
denial of a defense challenge for cause occurs when: (1) a defendant exercises
a peremptory challenge on a venire member whom the trial court erroneously
failed to excuse for cause at the defendant=s request; (2) the defendant uses all
of her statutorily allotted peremptory challenges; and (3) the defendant is
denied a request for an additional peremptory challenge, which she claims she
would use on another venire member whom the defendant identifies as Aobjectionable@ and who actually sits on the
jury.  Escamilla v. State, 143
S.W.3d 814, 821 (Tex. Crim. App. 2004), cert. denied, __ U.S. __, 125 S.
Ct. 1697, 161 L. Ed. 2d 528 (2005).  

The
record in this case reflects that appellant=s trial counsel challenged jurors 4
and 5 for cause, and the trial court denied those challenges.  However, appellant has failed to demonstrate
that: (1) she used all of her peremptory challenges; (2) she was denied a
request for additional challenges; and (3) an Aobjectionable@ juror sat on her jury.  Under these circumstances, appellant=s first and second points of error do
not show harm from the denial of her challenges for cause and are overruled.

Admission
of Evidence

Appellant=s third and fourth points of error
contend that the trial court erred by admitting State=s Exhibits 17 and 18 because the
color coding scheme in them constituted inadmissible hearsay.  To preserve error for appellate review, the
party must make a specific objection and obtain a ruling on the objection.  See Tex.
R. App. P. 33.1.  Additionally,
the point of error on appeal must comport with the objection made at trial. See
Swain v. State, __ S.W.3d __, __, 2005 WL 2861584, at *4 (Tex. Crim. App.
2005).








In
this case, appellant objected to these exhibits on the grounds that: (1) they
included the term Atheft@ as a label for some of the checks, which improperly invaded
the province of the jury to decide whether any of the checks were stolen; and
(2) they were unduly cumulative of other records introduced in State=s Exhibit 16 and through testimony of
other witnesses.  The trial court ordered
the word Atheft@ removed from the exhibits and then
admitted them.  Because appellant=s overruled objection at trial based
on cumulativeness does not comport with her complaint on appeal based on
hearsay, appellant=s third and fourth points present nothing for our
review.  Accordingly, they are overruled.

Sufficiency
of the Evidence

Appellant=s fifth through eighth issues
complain that the evidence was not legally or factually sufficient to: (1)
prove that the money was taken from the complainants without their effective
consent; or (2) establish a value for the checks allegedly appropriated.

In
reviewing legal sufficiency, we view all of the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  A person commits
the second degree felony offense of theft if she Aunlawfully appropriates property with
the intent to deprive the owner of property@ and the Avalue of the property is $100,000 or
more, but less than $200,000.@  Tex. Penal Code Ann. ' 31.03(a), (e)(6) (Vernon Supp.
2005).  As relevant to this case,
appropriation of property is unlawful if it is without the owner=s effective consent.  Id.








In
this case, appellant was employed as a bookkeeper by the complainants, Josiah
Osei and Lawrence Chikezie.  Appellant
was responsible for accounts payable, accounts receivable, reconciliation of
payroll and other bank accounts, preparation of quarterly tax returns, and
handling of the mail for the companies owned and operated by Osei and
Chikezie.  In May 2002, Osei became aware
of several irregularities in the companies= bank accounts, including missing
checks, checks written in payment of accounts the businesses did not have, and
checks containing a forged rendition of either his or Chikezie=s signatures.  Osei notified the authorities of these
irregularities, and an investigation ensued. 
After appellant=s banking records were subpoenaed by the District Attorney=s office, Osei testified he did not
authorize a number of business checks deposited into the appellant=s personal account, as well as a
number of checks issued in payment of appellant=s personal debts.  Both Osei and Chikezie stated that appellant
was not authorized to sign checks on behalf of the company, nor was appellant
authorized to use Osei=s signature stamp. 
Deputy Patrick Smith, an investigator with the Harris County Constables
Office, testified that Osei submitted records indicating which company checks
were authorized as legitimate payroll checks and which company checks were
unauthorized.  Smith declared that the
dollar amount of unauthorized checks paid to appellant or paid to others on
appellant=s behalf totaled $145,407.59.[2]  This evidence is legally sufficient to prove
that appellant appropriated property from the complainants without their
effective consent, and the value of that property was between $100,000 and
$200,000.  Accordingly, we overrule
appellant=s fifth and seventh points of error.








In
reviewing factual sufficiency, we view all the evidence in a neutral light,
both for and against the finding, and set aside the verdict only if proof of
guilt is so obviously weak as to undermine confidence in the jury=s determination, or the proof of
guilt, while adequate if taken alone, is greatly outweighed by contrary
proof.  Vodochodsky v. State, 158
S.W.3d 502, 510 (Tex. Crim. App. 2005). 
In this case, appellant testified that the non-payroll business checks deposited
into her personal accounts were reimbursements for legitimate expenses she
incurred on behalf of the businesses. 
The appellant also testified that she regularly found company checks
payable to various employees, which had been endorsed by the employee, in the
petty cash box, presumably having been exchanged for cash.  To save time, she deposited these checks into
her own bank account and replaced them with cash because her bank was much
closer than the complainants= bank.  She stated
throughout her testimony that all the checks she received were authorized by
either Osei or Chikezie.  However,
although there was conflicting evidence, the proof of appellant=s guilt is not so obviously weak as
to undermine confidence in the jury=s verdict, nor does appellant=s contrary proof greatly outweigh the
State=s evidence.  Accordingly, appellant=s sixth and eighth points of error
are overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 6, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and sentenced her to 10 years confinement.





[2]           On cross-examination,
Smith conceded that his summary may have contained some typographical
errors.  However, the jury was provided
copies of the records from which Smith=s
summary was compiled.